MEMORANDUM **
David Ruezga (“Ruezga”) was convicted by a California jury of three counts of attempted murder and one count of shooting into an occupied vehicle, with enhancements for discharging a firearm and for causing great bodily injury to one of the victims. Ruezga appeals from the district court’s denial of his petition for a writ of habeas corpus. Applying the deferential standard of review mandated by the Anti-terrorism and Effective Death Penalty Act (“AEDPA”), see 28 U.S.C. § 2254(d), we affirm.[1]
The California Court of Appeal did not unreasonably apply established Supreme Court law when it concluded that Ruezga failed to demonstrate prejudice on account of any of his counsel’s alleged deficiencies, as required by Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and AEDPA. First, although Ruezga’s attorney acted incompetently by failing to request a jury instruction on antecedent threats, to which Ruezga was entitled under California law, see People v. Moore, 43 Cal.2d 517, 275 P.2d 485, 492 (1954), we cannot say, in light of the jury’s rejection of imperfect self-defense and in light of the overwhelming evidence of guilt, that the state court determination that Ruezga was not prejudiced was unreasonable. Second, counsel’s decision to open the door to gang-related evidence was a strategic decision entitled to deference. See Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052. To the extent that, after opening the door, counsel acted deficiently by failing to object to the most damaging rebuttal testimony offered by the prosecution witnesses, we again cannot conclude that the state court was unreasonable in finding no prejudice. We must similarly defer to the state court’s determination that Ruezga was not prejudiced by counsel’s failure to object to testimony about a weapon that had no connection to the charged crime, nor by the failure to adduce additional evidence that one of the alleged victims had thrown rocks at Ruez-ga several years earlier.[2] Finally, the *658 state court did not unreasonably apply established Supreme Court law in concluding that the cumulative effect of these asserted errors was not prejudicial.
Again applying AEDPA deference, we reject Ruezga’s assertions that he is entitled to habeas relief on the ground of instructional error. It was not unreasonable for the state court to conclude that there was sufficient evidence to support the instruction that “[t]he right of self-defense is not available to a person who seeks a quarrel with the intent to create a real or apparent necessity of exercising self-defense.” CALJIC 5.55. Nor was the state court unreasonable in concluding that any ambiguity in the trial court’s “kill zone” instruction, as set forth in the then-current version of CALJIC No. 8.66.1, was not prejudicial. Viewing the entire charge as a whole, there was no “reasonable likelihood that the jury had applied the challenged instruction in a way that violates the Constitution.” Middleton v. McNeil, 541 U.S. 433, 436-37, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004).
Finally, we agree with Ruezga that, in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), and Butler v. Curry, 528 F.3d 624, 639 (9th Cir.2008), cert. denied — U.S. -, 129 S.Ct. 767, 172 L.Ed.2d 763 (2008), the trial judge committed constitutional error by engaging in fact-finding to support the imposition of an upper term or aggravated sentence. However, that error was harmless. See Washington v. Recuenco, 548 U.S. 212, 215, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). In California, a defendant’s sentence may be enhanced to the upper term where the crime involved multiple victims, see People v. Calhoun, 40 Cal.4th 398, 53 Cal.Rptr.3d 539, 150 P.3d 220, 224 (2007), and here, the jury convicted Ruezga of three counts of attempted murder against separate victims. Because “under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence.... ” Butler, 528 F.3d at 643, there was little chance of prejudice here.
For the foregoing reasons, the district court’s denial of Ruezga’s habeas petition is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The appellant's motion to take judicial notice of the transcripts of the opening statements is granted.

. We decline to certify the question whether Ruezga was denied effective assistance of counsel by his attorney's failure to object to supposedly inadmissible and irrelevant hear *658 say, as we do not believe that “reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).